JOHN G. MYRES, Respondent, v. DIAMOND JOE LINE, Appellant.

### St. Louis Court of Appeals, May 1, 1894.

1. **Practice, Appellate:** NONPREJUDICIAL ERROR. A judgment will not be reversed, on appeal, for error which has not materially affected the merits of the action.

2. **Common Carriers:** ACTS OF GOD. *Held*, in the course of discussion, that the act of God is no excuse for the nonperformance of a contract for future transportation which the carrier has voluntarily undertaken. Nor does the fact that the consignor knew that it would be difficult or next to impossible for the carrier to fulfill the contract, relieve the carrier from damages for the breach.

*Appeal from the Louisiana Court of Common Pleas.—* HON. R. F. ROY, Judge.

AFFIRMED.

*Campbell & Ryan* for appellant.

*W. A. Dudley* for respondent.

ROMBAUER, P. J.—This suit was instituted before a justice of the peace; hence we would not be warranted in determining the sufficiency of the plaintiff's statement by the rules applicable to pleadings required in courts of record. The plaintiff's cause of action is for damages caused to him by the defendant's breach of a contract for the transportation of his goods, and

we must look more to the evidence adduced in support of the statement, which in the main was received without objection, than to the statement itself, in determining on what theory the cause was tried.

The evidence tended to show the following facts: In May, 1892, and during the high water of that year, the plaintiff shipped on one of defendant's steamboats some household goods from Quincy, Illinois, to Sterling, in the same state, both places being situated on the Mississippi river. The defendant at the time executed a bill of lading to the plaintiff by which it agreed, in consideration of certain freight charges paid by the plaintiff, to take these goods to Sterling, excepting certain perils, but not excepting high water or the difficulty of landing. Upon the arrival of the boat at Sterling it was found impossible to unload the goods there on account of high water, and they were taken with plaintiff's consent first to Alton and thence to St. Louis, where they were stored on one of the defendant's wharf boats for two months and more. At the expiration of that time, the waters having subsided, the goods were at plaintiff's request brought back by the defendant to Sterling, and tendered to the plaintiff, but additional freight charges of $7.40 were demanded of him, which he refused to pay. The goods were thereupon without plaintiff's consent taken by defendant to Clarksville, and there stored in one of defendant's warehouses for thirty days or more. At the expiration of that time the plaintiff called for his goods, paid the additional freight charges under protest, and had the goods shipped to Sterling at an additional cost of $5. The plaintiff gave evidence tending to show a loss and injury to the goods while they were in defendant's possession aggregating $44, and additional freight paid amounting to $12.40. He also gave evidence tending to show expenses of his trip to Clarksville amounting

to $10, and a loss caused to him by being deprived of the value of the use of the goods for a period of thirty days, amounting to $75. These two last items, however, were evidently disregarded by the jury, as the verdict rendered for plaintiff was only $55, or less than the extra freight paid and damages suffered (as shown by his evidence), regardless of these last two items.

The errors assigned by the defendant, who appeals, are that the court admitted illegal testimony for the plaintiff and excluded legal evidence offered by the defendant, and misdirected the jury in its instructions. The above statement of the facts, however, will show that these assignments, even if well taken in part, would not justify us in reversing the judgment, since we can not believe that such errors have materially affected the merits of the action against the appellant, and we are justified in reversing judgments for such errors only. R. S. 1889, sec. 2303.

It stands conceded that the defendant for a stated consideration, which was paid to it, agreed to deliver the plaintiff's goods at Sterling within a reasonable time and that it has failed to do so. The act of God is no excuse for nonperformance of a contract of transportation to be thereafter performed, which a party has voluntarily undertaken. *Collier v. Swinney*, 16 Mo. 484. Nor does the fact that the plaintiff knew that it would be difficult or next to impossible for the defendant to fulfill its contract, relieve the defendant from damages for its nonperformance. Evidence, therefore, that the plaintiff knew that the defendant would in all probability not be able to land his goods at Sterling was wholly irrelevant, and was properly ruled out. The defendant had no right to exact from the plaintiff extra freight charges for performing a contract in two months which it had agreed to perform in a day. That there was too much latitude in the admission of

evidence of plaintiff's damages we readily concede; on the other hand it must be conceded that there was ample evidence of strictly legal damages justifying the amount of the recovery. As the plaintiff is entitled to recover under the conceded facts; as the extent of his recovery is clearly warranted by the evidence; and as there is no probability that a retrial of the cause would lead to a result more favorable to the defendant, we see no reason for awarding a new trial.

All the judges concurring, the judgment is affirmed.